Hasbrouck
v.
Schoonmaker.

CROMWELL *against* VAN RENSSELAER, gentleman, one, &c.

A defendant who is a counsellor of this court, making an affidavit to change the venue, need not swear to the advice of counsel that his witnesses are material.

J. S. VAN RENSSELAER, the defendant in person, moved to change the venue in this cause, but his affidavit did not state that his witnesses were material *as advised by counsel*; nor did it state that he is a counsellor of this Court.

*A. Conkling*, contra, objected that, for this reason, it was insufficient.

For the purposes of the motion, the court will take notice that he is of the degree of counsel.

*Curia.* We will take notice. for the purposes of this motion, that the defendant is himself a counsellor of this Court, and requires no advice upon that question *aliunde.*

*Conkling*, then shewing by affidavit, that a balance of witnesses for the plaintiff resided in the county where the venue was laid, the motion, for this reason, was denied, without costs.

Rule accordingly.

---

HASBROUCK & OTHERS *against* SCHOONMAKER.

A plaintiff recovering at the circuit for a trespass under the statute, (1 R. L. 525-6, s. 29) a sum which, when trebled, amounts to less than $50, is not entitled to recover treble costs.

A justice has jurisdiction of such an action.

*Semble*, therefore, that it does not necessarily involve a question of title to land.

IN trespass for cutting timber, contrary to the statute (1 R. L. 525, 526, s. 29,) the plaintiffs had recovered damages to $6; and

*C. H. Ruggles*, for the plaintiff, moved for treble damages and treble costs. He said, this did not depend upon the general statute of costs. Treble costs result from the statute which inflicts treble damages. This means treble the Supreme Court costs. Beekman v. Chalmers, (1 Cowen's Rep. 584) must have gone upon this ground. It denies any effect to the general statute, (sess. 41, ch. 94, s. 5) providing that in actions cognizable before a Justice, the plaintiff shall not recover costs, unless his damages exceed 50 dollars.

Another ground of the application is, that a Justice has no cognizance of this action. It is true that the statute gives

him, in terms, jurisdiction of trespass on lands ; but not of trespasses committed under this statute. Again, he has no power to try an action, where the title comes in question. In this action, is it not necessarily in question ? It has been holden at the Circuit that, in an action for a statute trespass, it is not enough for the plaintiff to shew himself in possession, as he might in trespass *quare*, &c. at the common law. The penalty is for cutting timber, treble the value of which is to be recovered ; and possession must be followed by proof of title. A reversioner or remainder man might maintain this action, even against the tenant in possession. (*Vid. Wickham* v. *Freeman*, 12 *John. Rep.* 183.)

SUTHERLAND, J. We have frequently had the question before us, and never entertained a doubt that this action may be brought before a Justice ; and

*Per totam Curiam*, (without hearing *J. Sudam*, who was to have argued against the motion,) the motion for trebling the damages was granted, but denied as to the costs.

Rule accordingly.